Revised 01/2012

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**

Application (1)

FILED
US BANKRUPTCY COURT
EASTERN DISTRICT OF TX

2013 JUN 17 PM 4:04

CLERK, U.S. BANKRUPTCY COURT
BY _____ DEPUTY

IN RE:

| CORTNEY LEGARD |
|---|
| Debtor |

| 07-60039 |
|---|
| Bankruptcy Case Number |

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now the Claimant identified below to make Application for an Order authorizing payment of unclaimed funds now on deposit in the Treasury of the United States for the benefit of Claimant. Claimant was a creditor/debtor in the above captioned bankruptcy case and has not received payment of these funds which are due and owing to the Claimant. Claimant further states that Claimant is:

NAME OF CLAIMANT: JM Partners LLC, Assignee of LJ Trucking

PHONE NUMBER: 804-285-0807    LAST FOUR DIGITS OF SOCIAL SECURITY NO: 6906

MAILING ADDRESS: ATTN: John Marshall / Mng Mbr
6800 Paragon Place, Suite 202

CITY: Richmond    STATE: VA    ZIP: 23230-1656

and that a dividend in the amount of $ 1824.31 was awarded in this case which dividend is currently unclaimed and held by the Clerk of Court.

Claimant certifies that all statements made by Claimant on this Application and any attachments required for this Application are, to the best of Claimant's knowledge, true and correct. Accordingly, Claimant requests the Court to enter an Order authorizing payment of the pro rata dividend due upon this claim.

Date: 6/13/13

_John Marshall_
Claimant's Signature
Managing Mbr for: JM Partners LLC
Co-claimant's Signature (if any)

State of Virginia
County of Chesterfield
Subscribed and sworn to before me this 13th day of June, 2013.

_Kathryn J. Lunsford_
Notary Public

My commission expires: 2/29/16

Mail to:  United States Bankruptcy Court
110 N. College Avenue, 8th Floor
Tyler, TX 75702

Certificate of Service (2)

## CERTIFICATE OF SERVICE

In accordance with Title 28 U.S.C. Section 2042, the undersigned hereby certifies that on the date designated below a true copy of this application with all required attachments was mailed to [check one as applicable]:

For all cases in **Beaumont & Lufkin** divisions (five-digit case number beginning with 1 or 9):

☐ Office of the United States Attorney
Eastern District of Texas
Attn: Unclaimed Funds Requests
350 Magnolia Avenue, Suite 150
Beaumont, TX 77701-2248

For all cases in **Marshall & Tyler** divisions (five-digit case number beginning with 2 or 6):

☒ Office of the United States Attorney
Eastern District of Texas
Attn: Unclaimed Funds Requests
110 North College Avenue, Suite 700
Tyler, TX 75702-0204

For all cases in **Paris, Sherman, & Texarkana** divisions (five-digit case number beginning with 3, 4 or 5):

☐ Office of the United States Attorney
Eastern District of Texas
Attn: Unclaimed Funds Requests
101 East Park Boulevard, Suite 500
Plano, Texas 75074-8858

Date: 6/13/13                                 _____
                                              Claimant's Signature

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**
**HOLDER: USBC TX Eastern**
**CASE # 07-60039 Legard**
**CLAIMANT: JM Partners LLC,**
*as Assignee of* **Jim Vaclavik**
 **dba LJ Trucking**

| | |
|---|---|
| **Evidence of Funds Deposit by Trustee** | 1 |
| **Complete Assignment Package** | 2 |
| **Affidavit of Assignee** | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |

**Brief History Statement & Recap of Supporting Evidence:**

*Jim Vackavik dba LJ Trucking* was the Creditor in this case (and hereinafter either Seller or Assignor or Creditor). The unclaimed funds represent a Dividend against the Creditor's claim. Creditor changed address subsequent to the filing of the case and neglected to update the Trustee or Court, and thus never received the funds, leading to the deposit of same into the Unclaimed Funds Registry.

*JM Partners LLC* ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Creditor, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. The Creditor elected the latter option, and thus has assigned his interest to Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

Prepared & Submitted by:

JM Partners LLC
6800 Paragon Place   Suite 202
Richmond, VA   23230-1656
Phone 804-285-0807
jmarshall@jmpartnersllc.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CORTNEY LEGARD | § | CASE NO. 07-60039 |
| SSN: XXX-XX-7057 | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

## NOTICE OF UNCLAIMED FUNDS TO BE DEPOSITED
## INTO REGISTRY OF THE COURT

**NOW COMES JASON R. SEARCY, TRUSTEE** for the estate of Marilee Cunningham in the above styled and numbered cause and makes this his Notice of Unclaimed Funds to be Deposited into Registry of the Court.

I.

On January 13, 2013, your Trustee filed his Final Report and Proposed Distributions setting forth the administrative, priority, and unsecured claims to be paid to the full extent of available estate funds.

II.

Jason R. Searcy, Trustee has distributed the funds of this estate in accordance with the Trustee's Final Report and Proposed Distributions; in addition to, any and all subsequent noticed distributions. Three distributions are still outstanding and have never been presented for endorsement or payment despite attempts by the Trustee to have the checks presented for payment. The distribution checks have been returned as undeliverable twice.

More than ninety (90) days have not passed since the initial distributions were made.

| | | |
|---|---|---|
| Clint Sorrells | $1,581.67 | Check No. 3014 |
| Mega Fences, Inc. | $2,623.33 | Check No. 3017 |
| LJ Trucking | $1,824.31 | Check No. 3026 |

↖ The Funds

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

**HOLDER: USBC TX Eastern**
**CASE # 07-60039 Lgard**
**CLAIMANT: JM Partners LLC,**
*as Assignee of* **Jim Vaclavik**
**dba LJ Trucking**

| | |
|---|---|
| **Purchase & Assignment Agreement** | 1 |
| **Bill of Sale** | 2 |
| **Affidavit of Assignor** | 3 |
| **Evidence as appropriate** | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

*Jim Vackavik dba LJ Trucking* was the Creditor in this case (and hereinafter either Seller or Assignor or Creditor). The unclaimed funds represent a Dividend against the Creditor's claim. Creditor changed address subsequent to the filing of the case and neglected to update the Trustee or Court, and thus never received the funds, leading to the deposit of same into the Unclaimed Funds Registry.

*JM Partners LLC* ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Creditor, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. The Creditor elected the latter option, and thus has assigned his interest to Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

**Prepared & Submitted by:**

JM Partners LLC
6800 Paragon Place  Suite 202
Richmond, VA 23230-1656
Phone 804-285-0807
jmarshall@jmpartnersllc.com

## PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **May 24, 2013** by and between **Jimmy Vaclavik, dba LJ Trucking, 110 G W Jackson Ave, Corsicana, TX 75110-5339, Phone 803-851-91322142** (hereinafter individually and jointly "Seller") and **JM Partners LLC (FIN #▮▮▮▮6906) ATTN: John J. Marshall, with a business address of 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656** (hereinafter "Buyer").

### RECITALS

Seller was a Creditor with respect to certain unclaimed funds in **Bankruptcy Case # 07-60039 (Debtor: Cortney Legard)** as was filed in the **United States Bankruptcy Court for the Eastern District of Texas** (hereinafter the "Bankruptcy Case"). In the capacity as creditor, Seller was entitled to that certain distribution of funds in the amount of **$ 1824.31** (hereinafter "Funds"), which remittance was attempted by the Trustee at the Creditor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of the interest in such Funds - Seller desires to legally Sell and Assign the interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

### ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 1824.31** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the Eastern District of Texas**, and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 1495.93** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction), and the providing of all documents required to prove both ownership and assignment.

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

### ARTICLE 2 – CLOSING

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

### ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date: (a) Buyer is an individual experienced in these matters, and is qualified to transact the business detailed in this Agreement. (b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with

any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the individual defined as the beneficiary of the Unclaimed Funds in the case referenced in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

| IF TO SELLER: | IF TO BUYER: |
|---|---|
| Jimmy Vaclavik | JM Partners LLC |
| dba LJ Trucking | ATTN: John J. Marshall |
| 110 G W Jackson Ave | 6800 Paragon Place, Suite 202 |
| Corsicana, TX 75110-5339 | Richmond, VA 23230-1656 |
| Phone 803-851-9132 | Phone 804-285-0807 |

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Seller: _____ DBA LJ Trucking
Signature – Jim Vaclavik
dba LJ Trucking

Buyer: _____
JM Partners LLC
BY: John J. Marshall
Managing Member

Subscribed and Sworn before me
this 24 day of May, 2013
Notary Public: _____
My Commission Expires: 11/18/13

SHERLYN CURTIS
My Commission Expires
November 18, 2015

# BILL OF SALE

| SELLER: | Jim Vaclavik |
|---|---|
| | dba LJ Trucking |
| | 110 G W Jackson Ave |
| | Corsicana, TX 75110-5339 |
| | Phone 803-851-9132 |

In consideration of the sum of:

**One Thousand Four Hundred Ninety-Five Dollars & 93/100  ($ 1495.93)**

I, **Jim Vaclavik dba LJ Trucking** (hereinafter "SELLER"), hereby sell, convey, and transfer all rights, title and interest to the below referenced Unclaimed Funds Account in the amount of **$ 1824.31** that was generated by the Trustee's Deposit as entered by the Clerk - to: **JM Partners LLC, (hereinafter referred to as BUYER), of 6800 Paragon Place, Suite 202, Richmond, VA  23230-1656.**

*CLAIM INFORMATION / ITEM(S) BEING SOLD:*

| Creditor: | **Cortney Legard** | Case # | 07-60039 |
|---|---|---|---|
| Court: | **US Bankruptcy Court for the Eastern District of Texas** | Chapter: | 7 |

| Type | Filed By / Comments |
|---|---|
| Unclaimed | Jim Vaclavik dba LJ Trucking |

_Signature_ — **Jim Vaclavik**
SELLER

SHERLYN CURTIS
My Commission Expires
November 18, 2015

Subscribed and Sworn before me this
24 day of May, 2013
Notary Public

My Commission Expires: 11/18/13

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| In re: **CORTNEY LEGARD**<br>SSN: XXX-XX-7057<br>Debtor (s) | Case # **07-60039**<br><br>Chapter **7** |

## AFFIDAVIT AND IDENTIFICATION OF CREDITOR / SELLER'S AUTHORIZED REPRESENTATIVE

I, **Jim Vaclavik dba LJ Trucking**, acting in my individual capacity (and hereinafter I, Creditor, Assignor or Seller (singular or plural)), declare as follows:

1) I was the original filers of the claim in this bankruptcy case. Evidence of this fact is included. I have been made aware of the fact that I am due certain funds as a dividend, which the Trustee attempted to send to me at the last known address, and as is referenced on the attached Report of Deposit of Unclaimed Funds.

2) My address has changed, so I did not receive the funds, which apparently resulted in the funds being returned, and remitted on to the Registry of such unclaimed funds. Evidence of my personal ID, former and present address is provided herewith.

3) I have knowingly and consciously decided to sell and assign my interest in such funds to **JM Partners LLC**, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement. I hereby grant all interest in such funds to **JM Partners LLC**, and agree to provide any further court required supporting evidence, or execute any other required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

4) Creditor has not previously been paid the funds, nor filed for such payment, nor engaged any other party to file for same, and has not sold or assigned the accounts, funds, or rights to same to any other party. Creditor is still the owner of the account, and by virtue of the documents provided herewith, for which this Affidavit is offered in support here, attests under the penalties of perjury to the truthfulness of all statements herein. I hereby certify that the foregoing statements are true and correct to the best of our knowledge and belief.

Seller: _____
Signature / Jim Vaclavik

Subscribed and Sworn before me
this 21 day of May, 2013
Notary Public: _____
My Commission Expires: 11/18/13

SHERLYN CURTIS
My Commission Expires
November 18, 2015



ID of Creditor/Assignor

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF TEXAS | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Cortney Legard | Case Number<br>07-60039 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>LJ Trucking | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and Address where notices should be sent:<br>LJ Trucking<br>~~402 FM 1603~~ 1602 FM 1603<br>Rice, TX 75155<br><br>*Original Claim as filed*<br><br>Telephone Number: | ☑ Check box if you have never received any notices from the bankruptcy court in this case.<br>☑ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | Check here if ☐ replaces ☐ amends   a previously filed claim, dated: _____ | |

1. **Basis for Claim**
   - ☐ Goods sold
   - ☑ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other _____
   - ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
   - ☑ Wages, salaries, and compensation (fill out below)
     Last four digits of your SS #: _1968_
     Unpaid compensation for services performed
     from _Dec 05_ to _March 06_
     (date) (date)

2. Date debt was incurred: _March-06_   3. If court judgment, date obtained: _____

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

   **Unsecured Nonpriority Claim** $_____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

   **Unsecured Priority Claim**
   ☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

   **Secured Claim**
   ☑ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle  ☑ Other _Insurance Bond_
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____
   ☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

5. Total Amount of Claim at Time Case Filed:   $_____ _____ _28420_ _____
   (unsecured) (secured) (priority) (Total)
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY
07 MAR 20 PM 25

| Date<br>3-12-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Jim Vaclavik DBA LJ Trucking   /s/ Vaclavik LJ Trucking |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

ASSUMED NAME RECORDS
CERTIFICATE OF OWNERSHIP FOR UNINCORPORATED BUSINESS OR PROFESSION

NOTICE: "CERTIFICATES OF OWNERSHIP" ARE VALID ONLY FOR A PERIOD NOT TO EXCEED 10 YEARS FROM THE DATE FILED IN THE COUNTY CLERK'S OFFICE. (Chapter 36, Sect. 1, Title 4 — Business and Commerce Code)

(This certificate properly executed is to be filed immediately with the County Clerk)
* * * * *

NAME IN WHICH BUSINESS IS OR WILL BE CONDUCTED

LJ Trucking
(print or type)

BUSINESS ADDRESS  1602 FM 1603

CITY:  Rice    STATE:  Tx    ZIP CODE:  75155

PERIOD (not to exceed 10 years) DURING WHICH ASSUMED NAME WILL BE USED: ____

BUSINESS IS TO BE CONDUCTED AS (Check Which One):
___ Proprietorship          ✓ Sole Practitioner       ___ Joint Venture
___ General Partnership     ___ Limited Partnership   ___ Joint Stock Company
___ Real Estate Investment Trust   ___ Other (name type) ____

CERTIFICATE OF OWNERSHIP

I/We, the undersigned, are the owner  of the above business and my/our name  and address  given is/are true and correct, and there is/are no ownership(s) in said business other than those listed herein below.

Name  Jimmy Vaclavik    Signature  [signed]

Address  1602 FM 1603   Rice  TX   Zip Code  75155
(Residence)

Signature ____
Zip Code ____
(Residence)

Signature ____
Zip Code ____
(Residence)

Zip Code  2005-307

FILED FOR RECORD
AT 8:55 O'CLOCK  A M
DEC 3 0 2005
SHERRY DOWD
COUNTY CLERK NAVARRO COUNTY, TEXAS
BY ____ DEPUTY

Name ____   Signature ____
Address ____   Zip Code ____
(Residence)

Name ____   Signature ____
Address ____   Zip Code ____
(Residence)

Name ____   Signature ____
Address ____   Zip Code ____
(Residence)

Name ____   Signature ____
Address ____   Zip Code ____
(Residence)

(Acknowledgment)
STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the 30th day of January
by Jimmy VACLAVIK.

GLENDA J. TRAYLOR
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 12-02-2008

12-2-08

[signed] Glenda J Traylor
Notary Public, State of Texas
Notary's printed name:

> Assumed name certificate - which notes the name on the claim (both of Mr. Vaclavik, and also of LJ Trucking, the assumed name), as well as the address on this certificate matching the address on the claim itself.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

In re:  **CORTNEY LEGARD**  
SSN: XXX-XX-7057  
Debtor (s)

Case # **07-60039**

Chapter **7**

## AFFIDAVIT OF ASSIGNEE/CLAIMANT

I, <u>**John J. Marshall,** *acting in my capacity as Managing Member of JM Partners LLC*</u>, (hereinafter "Creditor" or "Assignee" or "Applicant") state and declare as follows:

1) Creditor is the Assignee of the original owner of the Unclaimed Funds as addressed in the attachments hereto. Evidence of same is included herewith. My ID and contact info is:

JOHN MARSHALL  
MANAGING MEMBER  
JM PARTNERS LLC  

*jmarshall@jmpartnersllc.com*

6800 PARAGON PLACE    RICHMOND, VA  
SUITE 202                  23230-1656  

PHONE 804-285-0807    FAX 804-285-0939



2) I have made all efforts required to know to the best of my knowledge that there is no other firm or individual who would be entitled to the benefit of the aforementioned Claim or Unclaimed Funds, and I have not engaged any other party to assist with the recovery of same. Once you approve the Application – or if you have any questions about this filing, or the account in general – please direct the payment as follows:

**JM Partners LLC, Assignee**       804-285-0807  
**6800 Paragon Place  Suite 202**    804-285-0939 FAX  
**Richmond, VA  23230-1656**         <u>jmarshall@jmpartnersllc.com</u>

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

*/s/ John Marshall/*

John Marshall, Managing Member  
JM Partners LLC